UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALYSSA EISENBERG,

                           Plaintiff,

   -against-

THE COUNTY OF NASSAU, EDWARD
MANGANO, CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., LOCAL 830, AFSCME,
JERRY LARICCHIUTA, and RONALD
GURRIERI

                          Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-cv-1742 (JMA)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint filed on March 21, 2018, Plaintiff Alyssa Eisenberg ("Plaintiff" or "Eisenberg") commenced this action against the County of Nassau (the "County"), Edward Mangano ("Mangano" and together with the County, the "County Defendants"), the Civil Service Employees Association, Inc., Local 830, AFSCME (the "CSEA"), Jerry Laricchiuta ("Laricchiuta") and Ronald Gurrieri ("Gurrieri") (the CSEA, Laricchiuta and Gurrieri collectively, the "CSEA Defendants" and together with the County Defendants, the "Defendants") for violations of various federal and state laws arising out of Plaintiff's employment as a crossing guard for the County. *See* Complaint ("Compl."), Docket Entry ("DE") [1]. On November 9, 2018, Eisenberg filed an Amended Complaint. *See* Amended Complaint ("Amend. Compl."), DE [33]. Presently before the Court, pursuant to 28 U.S.C. § 636(c), *see* DE [60], are

Defendants' motions to dismiss Plaintiff's Amended Complaint. *See* DEs [35], [44]. For the reasons set forth below, the Court grants Defendants' motions to dismiss.[1]

## I. BACKGROUND

Unless otherwise indicated, the facts set forth herein are taken from the Amended Complaint and are accepted as true for purposes of the instant motions. Eisenberg was employed by the County as a crossing guard from April 2001 to September 2017.[2] *See* Amend. Compl. ¶¶ 16, 40. In addition to serving as a crossing guard, Plaintiff also performed at least ten hours per week of "clerical work" at the police precinct. *See id.* at ¶¶ 18-19. In her capacity as a County employee, Eisenberg was a member of the CSEA, and consequently, the terms of her employment were subject to the collective bargaining agreement ("CBA") negotiated by the CSEA Defendants and the County Defendants. *See id.* at ¶ 17.

In June 2016, the County Defendants "drastically" changed the duties of crossing guards by changing the classification of "clerical work" to "Out of Title Work."[3] *See id.* at ¶ 20. Although she does not explain how, Plaintiff alleges that this change in the duties of crossing guards, along with her medical problems arising from breast cancer and complications related to treatment rendered her unable to

---

[1] This motion is before the Court for decision on consent of the parties. *See* DE [60].
[2] Eisenberg does not provide the date on which she resigned from her job. However, the Plaintiff's Affidavit, the Amended Complaint and exhibits submitted with Eisenberg's oppositions to the instant motions indicate that she was employed as a crossing guard until at least September 2017. *See, e.g.*, Plaintiff's Affidavit, DE [40], ¶¶ 22, 24; Amend. Compl. ¶ 40 (noting that Plaintiff sent an initial demand letter to Defendants regarding issues raised in the instant lawsuit on September 15, 2017; Memorandum of Law in Opposition to the County Defendants' Motion to Dismiss ("Opp. to County Memo"), DE [41], Exhibit ("Ex") F (doctor's letter clearing Eisenberg to return to work on September 11, 2017); Opp. to County Memo, Ex. G (work e-mail dated February 22, 2017).
[3] Plaintiff does not explain what "Out of Title Work" or the change in her duties entail.

2

continue her job as a crossing guard. *See id.* at ¶¶ 21-22. Had the County Defendants provided Eisenberg with "reasonable accommodation[s]," she could have continued working despite her medical condition. *See id.* at ¶¶ 33-36. However, the County Defendants did not provide such accommodations, and accordingly, Plaintiff "was forced to resign." *See id.* at ¶¶ 26-27.[4] Subsequently, Eisenberg contacted the CSEA Defendants to represent her in connection with her disability discrimination claim against the County Defendants. *See id.* at ¶ 37. The CSEA Defendants, however, "failed to adequately represent" her. *See id.* at ¶ 38.

As a result of these events, Plaintiff commenced this action on March 21, 2018, alleging: (i) violation of the Americans with Disabilities Act, 42 U.S.C § 12112, *et seq.* (the "ADA") against the County Defendants; (ii) breach of the CBA against the County Defendants; (iii) violation of the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.* ("NYSHRL") against the County Defendants; (iv) violation of Section 8 of the National Labor Relations Act, 29 U.S.C. § 158, *et seq.* (the "NLRA") against the CSEA Defendants; and (v) breach of contract against the CSEA Defendants. *See* Compl. ¶¶ 34-68. Eisenberg then filed an Amended Complaint, with leave of the court, on November 9, 2018. *See* DE [33].[5] The County Defendants move to dismiss the Amended Complaint on the grounds that it fails to state a claim upon which relief can be granted. *See* Memorandum of Law in Support of County Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("County Memo"), DE [37], 4-12. The

---

[4] As set forth above, neither the Amended Complaint, nor any of the submissions related to the instant motions indicate the date of Plaintiff's resignation.

[5] The Honorable Joan M. Azrack granted Eisenberg leave to file an amended complaint "for the limited purpose of specifying the disability from which she alleges she suffered." *See* DE [32].

CSEA Defendants separately move to dismiss on the grounds that this Court lacks subject matter jurisdiction over the claims asserted against them and, in the alternative, that the claims are time-barred under the applicable statute of limitations and otherwise fail to state a claim for relief. *See* Memorandum of Law in Support of the CSEA Defendants' Motion to Dismiss ("CSEA Memo"), DE [46], 4-6.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a federal court must dismiss a claim when it lacks jurisdiction over the subject matter of the action. *See* Fed. R. Civ. P. 12(b)(1); *see also Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.") (citation omitted). The party asserting subject matter jurisdiction has the burden to prove the court's jurisdiction by a preponderance of the evidence. *See Vailette v. Lindsay*, No. 11-cv-3610, 2014 WL 4101513, at *3 (E.D.N.Y. Aug. 18, 2014) (citation omitted).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court must assume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *C.K. v. Bd. of Educ. of the Westhampton Beach Sch. Dist.*, 185 F. Supp. 3d 317, 324 (E.D.N.Y. 2016) (citation omitted). Further, the court may refer to evidence outside the pleadings, such as

affidavits, to resolve the jurisdictional issue. *Forbes v. State Univ. of New York at Stony Brook*, 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003) (citations omitted).

### B. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1975 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citation omitted).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), as in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the court must accept as true all allegations in the complaint and draw all inferences in the non-moving party's favor. *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). The court may consider only the

5

factual allegations in the complaint, documents incorporated by reference into the complaint, matters of which judicial notice may be taken and documents that are integral to the complaint and upon which the complaint relies heavily. *See Lockwood v. Town of Hempstead*, No. 16-cv-3756, 2017 WL 3769253, at *2 (E.D.N.Y. Aug. 28, 2017) (internal quotation marks and citation omitted).

## III. DISCUSSION

### A. <u>Defendants' Motions to Dismiss Plaintiff's Federal Law Claims</u>

The Amended Complaint alleges against the County Defendants a federal law claim for violation of the ADA and two state law claims for breach of the CBA and violations of the NYSHRL. *See* Amend. Compl. ¶¶ 42-68. Plaintiff also asserts claims against the CSEA Defendants for violation of the duty of fair representation under the NLRA and for breach of contract. *See id.* at ¶¶ 69-76. The Court first addresses Plaintiff's federal law claims for violations of the ADA and the duty of fair representation under the NLRA.

*i.    The County Defendants' Motion to Dismiss*

The County Defendants move to dismiss the ADA claim pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Eisenberg has failed to sufficiently plead a claim upon which relief can be granted. *See* County Memo, 6-7. The ADA prohibits an employer from discriminating against a "qualified individual on the basis of disability[,]" 42 U.S.C.A. § 12112(a), and refusing to provide otherwise qualified disabled employees with reasonable accommodations. *See id.* at § 12112(b)(5). Plaintiff alleges that the County Defendants violated the ADA by failing to provide

6

her with reasonable accommodations that would have allowed her to continue working as a crossing guard despite her medical condition. *See* Amend. Compl. ¶¶ 33-36. To plead a failure-to-accommodate claim under the ADA, a plaintiff must allege that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of her disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 18 (2d Cir. 2015) (internal quotation marks, citation and alterations omitted).

Plaintiff fails to sufficiently plead the first and fourth prongs of a failure-to-accommodate claim. As to the first prong, Eisenberg alleges that from July 2012 to July 2017, she underwent four surgeries due to breast cancer, *see* Amend. Compl. ¶¶ 29-32, but fails to allege how these surgeries rendered her disabled within the meaning of the ADA. Under the ADA, an individual is disabled where she: (1) suffers from "a physical or mental impairment that substantially limits one or more major life activities . . ."; (2) has a "record of such an impairment"; or (3) is "regarded as having such an impairment[.]" *See* 42 U.S.C. § 12102(1)(a)-(c); *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 199 (2d Cir. 2004) (internal quotation marks and citations omitted). "Major life activities" are those of "central importance to daily life," *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005) (internal quotation marks and citation omitted), such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking,

7

breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Alleging the existence of a "medical condition alone, even a serious one," is insufficient to establish a disability within the meaning of the ADA without alleging that the condition "substantially limit[s] a major life activity." *Bradshaw v. City of N.Y. & Captain Pelletier*, No. 18-cv-8944, 2019 WL 3711765, at *5 (S.D.N.Y. July 12, 2019) (internal quotation marks and citation omitted); *see also Capobianco*, 422 F.3d at 56 ("Not every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements: the impairment must limit a major life activity and the limitation must be substantial.") (citation omitted). Plaintiff fails to allege any facts showing that the breast cancer and surgeries impaired her ability to perform a major life activity, and, in fact, her doctor advised that she could return to work "with no restrictions" after her final surgery in July 2017. *See* Opp. to County Memo, Ex. F. Similarly, Eisenberg's medical records are not a "record of impairment" sufficient to establish disability. *See* DE [54]. "While hospitalization is certainly a *record* of an impairment and every instance of hospitalization is disabling in the sense that one cannot go to work, such incidences must also show that the impairment requiring hospitalization imposed a substantial limitation on one or more of a patient's major life activities." *Hardy v. Pepsi Bottling Co. of N.Y., Inc.*, No. 14-cv-4007, 2016 WL 1301181, at *5 (S.D.N.Y. Mar. 31, 2016), *aff'd*, 690 F. App'x 60 (2d Cir. 2017) (internal quotation marks, citation and alterations omitted) (italics in original). Additionally, although the County Defendants were aware of Plaintiff's medical condition, *see* Amend. Compl. ¶¶ 28-32,

there is no evidence that the County Defendants regarded Eisenberg as being disabled. Accordingly, Plaintiff fails to allege that she has a disability within the meaning of the ADA and thus fails to plead a failure-to-accommodate claim. *See Ingram v. Nassau Health Care Corp.*, No. 17-cv-5556, 2019 WL 1332857, at *5 (E.D.N.Y. Mar. 25, 2019) (dismissing ADA claim because plaintiff failed to allege what major life activity was substantially limited by cardiac disorder, returned to work within one month of taking time off for cardiac disorder and did not allege that he had a record of disability or that employer regarded him as disabled); *cf. Colas v. City of Univ. of N.Y.*, No. 17-cv-4825, 2019 WL 2028701, at *4 (E.D.N.Y. May 7, 2019) (denying motion to dismiss where plaintiff alleged that "as a result of her leg muscle spasms, neck pain, fatigue and shortness of breath, episodes of cramping and contractions, ligament pain, back pain, along with joint pain, nausea and headaches her function was greatly altered, namely in her baseline walking pattern, speed, circulation and coordination of balance") (internal quotation marks and citation omitted).

Eisenberg further fails to plead a failure-to-accommodate claim because she does not allege that she ever requested any accommodations for her medical conditions. Plaintiff alleges that Lieutenant Holfester of the Nassau County Police Department, First Precinct sent an e-mail to all First Precinct crossing guards reminding them of the policies regarding requests for time off and sick days, including that medical appointments are to be made during employees' personal time, rather than during work hours. *See* Amend. Compl. ¶ 34; Opp. to County Memo, Ex. G.

9

However, she does not allege that she sought accommodations to make her medical appointments during work hours or that this e-mail was sent to Eisenberg in response to a request for such an accommodation. Similarly, although Plaintiff alleges that she was not "given the opportunity to work part-time instead of full-time," *see* Amend. Compl. ¶ 35, she does not allege that she ever requested such an opportunity. Because "an employer cannot refuse to make an accommodation . . . that it was never asked to make," Eisenberg cannot satisfy the fourth prong of a failure to accommodate claim. *See Dooley*, 636 F. App'x at 18-19 (internal quotation marks, citations and alterations omitted); *see also Reid v. Time Warner Cable*, No. 14-cv-3241, 2016 WL 743394, at *7 (E.D.N.Y. Feb. 22, 2016) (dismissing ADA failure-to-accommodate claim where plaintiff failed to allege that he requested accommodations for alleged disability); *Brown v. The Pension Boards*, 488 F. Supp. 2d 395, 407 (S.D.N.Y. 2007) ("It is settled that an employee cannot hold an employer liable for failing to provide an accommodation that the employee has not requested in the first place.") (internal quotation marks and citation omitted).

Accordingly, because Plaintiff fails to allege that she was disabled within the meaning of the ADA and that the County Defendants refused to provide her with reasonable accommodations, Eisenberg's claim against the County Defendants for violation of the ADA is dismissed with prejudice.

  ii. *The CSEA Defendants' Motion to Dismiss*

Plaintiff also asserts claims against the CSEA Defendants for violation of the duty of fair representation under the NLRA. *See* Amend. Compl. ¶¶ 69-71. Initially,

the CSEA Defendants argue that this Court lacks subject matter jurisdiction over the NLRA claim because Eisenberg was not employed by an "employer" as defined in the statute. *See* Memorandum of Law in Support of the CSEA Defendants' Motion to Dismiss ("CSEA Memo"), DE [46], 4. The CSEA Defendants further move to dismiss the NLRA claim pursuant to Rule 12(b)(6) on the grounds that the claim is untimely. *See id.* at 4-5.

The Court first addresses whether it has subject matter jurisdiction over Eisenberg's NLRA claim. The NLRA creates federal jurisdiction over claims brought by private sector employees challenging unfair labor practices by their employers and grants certified unions the exclusive right to represent employees with respect to "rates of pay, wages, hours of employment, or other conditions of employment[.]" 29 U.S.C. § 159(a); *see also Ryan v. New York City Dep't of Educ.*, No. 11-cv-1628, 2011 WL 4899923, at *3 (E.D.N.Y. Oct. 13, 2011). An "employer" is defined under the NLRA as "any person acting as an agent of an employer, directly or indirectly, but [does] not include . . . any State or political subdivision thereof . . ." 29 U.S.C. § 152(2). A "political subdivision" of a state includes "entities that are either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate." *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 916 (2d Cir. 1987) (quoting *N. L. R. B. v. Natural Gas Util. Dist. of Hawkins Cnty., Tenn.*, 402 U.S. 600, 604-05, 91 S. Ct. 1746, 1749 (1971)); *Sales v. Clark*, No. 14-cv-8091, 2017 WL 892609, at *5 (S.D.N.Y. Feb. 3, 2017), *report and recommendation*

*adopted sub nom. Sales v. TWU Local 100 Vice President Brian Clark*, No. 14-cv-8091, 2017 WL 924239 (S.D.N.Y. Mar. 6, 2017), *appeal dismissed* (June 15, 2017) (citation omitted). An employee may bring a claim against a union for breach of the duty of fair representation only if she is employed by an "employer" as defined in the NLRA. *See Muhlrad v. Mitchell*, No. 96-cv-3568, 1997 WL 182614, at *3 (S.D.N.Y. Apr. 14, 1997) (citing 29 U.S.C. § 152(3)). Accordingly, because the state and its political subdivisions are excluded from the NLRA's definition of "employer," a public employee cannot maintain a cause of action against a union for breach of the duty of fair representation with respect to her public employer. *See Cunningham v. Local 30, Int'l Union of Operating Engineers*, 234 F. Supp. 2d 383, 397 (S.D.N.Y. 2002) (citing *Muhlrad*, 1997 WL 182614, at *3); *see also Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y.*, 678 F.3d 184, 186 (2d Cir. 2012) ("[P]ublic employers such as the City are excluded from the NLRA's coverage . . .") (citation omitted); *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) ("As the language of the [NLRA] makes plain, public employees are not covered by that statute . . . The point is sufficiently clear so that it has been routinely addressed by summary orders.") (citations omitted).

Here, Eisenberg's employer, the County, is a political subdivision of New York State and thus not an "employer" within the meaning of the NLRA. *See Leary v. Civil Serv. Emps. Ass'n*, No. 11-cv-716, 2012 WL 1622611, at *11 (S.D.N.Y. May 9, 2012), *aff'd sub nom. Leary v. Civil Serv. Empls. Ass'n Region 3*, 516 F. App'x 42 (2d Cir. 2013) (noting that the County is a "public employer" as defined in Article 14 of the New York Civil Service Law) (citation omitted); *Bond v. City of Middletown*, 389

F. Supp. 2d 319, 341 (D. Conn. 2005) (noting that a municipality is "administered by individuals who are responsible to public officials or to the general electorate" and therefore are not "employers" under the NLRA). Plaintiff's argument that the Court has subject matter jurisdiction over the CSEA Defendants because her NLRA claim is not against the County is without merit. *See* Memorandum of Law in Opposition to the CSEA Defendants' Motion to Dismiss ("Opp. to CSEA Memo"), DE [49], 9-10. Because there is no federal jurisdiction over the County, there is no jurisdiction over Eisenberg's "companion claim" against the CSEA Defendants. *See Smith v. United Fed'n of Teachers*, No. 97-7678, 1998 WL 639756, at *1 (2d Cir. March 26, 1998) (Summary Order) (citations omitted); *Gear v. Dep't of Educ.*, No. 07-cv-11102, 2010 WL 5297850, at *3-*4 (S.D.N.Y. Dec. 21, 2010), *aff'd*, 472 F. App'x 67 (2d Cir. 2012). Accordingly, the Court dismisses with prejudice the NLRA claim for lack of subject matter jurisdiction. *See Gear v. Dep't of Educ.*, 472 F. App'x 67, 68 (2d Cir. 2012) (Summary Order) (affirming dismissal of Department of Education employee's duty of fair representation claim based on lack of subject matter jurisdiction); *Ahmad v. White Plains City Sch. Dist.*, No. 18-cv-3416, 2019 WL 3202747, at *12-13 (S.D.N.Y. July 16, 2019) (dismissing public employee's duty of fair representation claim for lack of subject matter jurisdiction) (citations omitted).[6]

### B. **Defendants' Motions to Dismiss Plaintiff's State Law Claims**

The County Defendants further move to dismiss Plaintiff's state law claims for breach of the CBA and violations of the NYSHRL, pursuant to Rule 12(b)(6). *See*

---

[6] Because subject matter jurisdiction is lacking, the Court does not address whether the NLRA claim is timely.

County Memo, 7-12. The CSEA Defendants similarly move to dismiss Eisenberg's state law claim for breach of contract. *See* CSEA Memo, 5-6. The Amended Complaint is brought pursuant to 28 U.S.C. § 1331, which confers upon courts federal question jurisdiction over suits "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, in light of the dismissal of all federal law claims against all Defendants, the Court must first determine whether it should exercise supplemental jurisdiction over Eisenberg's state law claims before addressing the merits of Defendants' motions.

In the absence of federal question jurisdiction, district courts may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (quoting 28 U.S.C. § 1367(a)). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Heckmann v. Town of Hempstead*, No. 10-cv-5455, 2013 WL 1345250, at *2 (E.D.N.Y. Mar. 27, 2013) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966)). A federal court "usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage[.]" *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) (citation omitted); *see also Brooklyn Heights Ass'n v. Nat'l Park Serv.*, 818 F. Supp. 2d 564, 570 (E.D.N.Y. 2011); 28 U.S.C. § 1367(c).

As set forth above, the Court dismissed all of Eisenberg's federal law claims on the pleadings. Accordingly, the Court declines to exercise supplemental jurisdiction

over the remaining state law causes of action and dismisses these claims without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) (vacating district court's order over state law claims where all federal law claims had been dismissed before trial and remanding with instructions that state law claims be dismissed without prejudice); *see also McGuire v. City of N.Y.*, No. 12-cv-814, 2015 WL 8489962, at *8 (E.D.N.Y. Dec. 8, 2015) (declining to depart from the Supreme Court and Second Circuit's general rule that "when the federal claims are dismissed the state law claims should be dismissed as well") (internal quotation marks and citations omitted).

## IV. CONCLUSION

For the reasons stated above, the Amended Complaint is dismissed in its entirety. The ADA claim against the County Defendants and the NLRA claim against the CSEA Defendants are dismissed with prejudice, while the remaining state law claims against Defendants are dismissed without prejudice and remanded to state court. *See McGuire*, 2015 WL 8489962, at *9 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 623 (1988)) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

Dated: Central Islip, New York
August 30, 2019

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge